UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DURECO K. BROWN,

    Plaintiff,

v.                                      Case No. 3:13cv544/MCR/CJK

M. NICHOLS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 8).  The court has reviewed the complaint and concludes that this case should be dismissed for failure to state a claim upon which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC") currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). Plaintiff's amended complaint names one defendant:  M. Nichols, an Advanced Registered Nurse Practitioner at Santa Rosa CI.  (Doc. 8, pp. 1-2).  Plaintiff claims defendant Nichols was deliberately indifferent to his serious medical need in violation of the Eighth Amendment, and denied him due process in violation of the Fourteenth Amendment, when plaintiff sent Nichols a request complaining that ibuprofen was

not relieving his back pain, and Nichols responded by advising plaintiff to "Go back to sick call." (*Id.*, pp. 5-7). Plaintiff asserts Nichols should have given him a reason for returning his request and either scheduled him for a sick call appointment or provided him the proper form for submitting a sick call request. As relief, plaintiff seeks $925,000.00 in compensatory damages, $7,000.00 in nominal damages, $52,000.00 in punitive damages and any other relief the court deems just and equitable. (*Id.*, p. 7)

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a

claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to him, plaintiff fails to state a plausible Eighth Amendment claim. A prisoner claiming he was deprived of medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (*citing Hill v. Dekalb Reg'l Youth Det. Ctr*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (holding that a serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (quotations omitted). The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. Allegations of negligence and medical malpractice do not state a plausible claim for relief under the Eighth Amendment or

§ 1983.  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Delay in providing "medical treatment known to be necessary" can qualify as deliberate indifference.  *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out.").  That delay, however, must be "tantamount to unnecessary and wanton infliction of pain," and "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment." *Hill* at 1188.  The Eleventh Circuit has found cognizable deliberate indifference claims when the prison officials delayed treatment for life-threatening emergencies and in "situations where it is apparent that delay would detrimentally exacerbate the medical problem." *Hill* at 1187.

Even assuming, without deciding, that plaintiff's allegation of "ongoing excruciating pain" is sufficient to establish a serious medical need, plaintiff's allegations do not suggest defendant Nichols was deliberately indifferent to that need.  Defendant Nichols did not ignore plaintiff's complaint or deny him medical treatment; she merely advised plaintiff to use the prison's sick call procedure.  Nichols' response was not "poor enough to constitute an unnecessary and wanton infliction of pain." *Taylor*, 221 F.3d at 1258.  Plaintiff further fails to show that his condition worsened or that he suffered any permanent harm due to the delay in treatment caused by Nichols' response.

Plaintiff's failure to state a claim under the Eighth Amendment precludes him from recovering on a substantive due process claim asserted under the Fourteenth Amendment.  *See Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 1088, 89 L.

Ed. 2d 251 (1986) (holding that the Fourteenth Amendment's substantive Due Process Clause provides no greater protection to prisoners than the Eighth Amendment's Cruel and Unusual Punishments Clause); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 (11th Cir. 1989) ("Invocation of fourteenth amendment substantive due process . . . adds nothing to plaintiff's case. If [plaintiff] is entitled to protection under the eighth amendment, then [plaintiff] is afforded no greater substantive protection by the due process clause." (citation and internal quotation marks omitted)); *Lee v. Sikes*, 870 F. Supp. 1096, 1101 (S.D. Ga. 1994) (same, in context of prisoner's claim that exposure to unsafe working conditions at prison's hog farm operation violated the Eighth Amendment and the Fourteenth Amendment); *see also Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1870-71, 104 L. Ed. 2d 443 (1989) (holding that it is improper in a § 1983 action to rely on a substantive due process claim when there is a specific constitutional standard that governs the plaintiff's claimed right); *Lee*, 870 F. Supp. at 1101 (holding that prisoner who was attacked by boar while working at assigned duties in prison's hog farm operation was protected by the Eighth Amendment and could not bring a separate, independent claim under § 1983 for the same behavior by prison officials based on substantive due process).

     Plaintiff's due process claim fares no better even if construed as a procedural due process challenge to Nichols' handling of plaintiff's request. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Plaintiff's allegations fail to establish the deprivation of a constitutionally-protected

liberty interest.  In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed.2 d 418 (1995), the Supreme Court held that state action in the prison context will not violate due process unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484, 115 S. Ct. 2293.  Defendant Nichols' requiring plaintiff to go to sick call was neither a "dramatic departure" from the ordinary conditions of confinement, nor a "major disruption in his environment." *Id*. at 485-86, 115 S. Ct. 2293.

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of April, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).